05-3349-cv
Miles v. Merrill Lynch

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2005

Argued: June 6, 2006          Decided: December 5, 2006

Petition for rehearing submitted: January 5, 2007
Petition for rehearing decided: April 6, 2007

Docket No. 05-3349-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In Re: INITIAL PUBLIC OFFERING SECURITIES
       LITIGATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JOHN G. MILES, SASWATA BASU, MICHAEL HUFF, SEAN
ROONEY, KRIKOR KASBARIAN, STATHIS PAPPAS, JAMES
COLLINS, DIANE COLLINS, JOSEPH ZHEN, ZITTO
INVESTMENTS, J. CHRIS ROWE, VASANTHAKUMAR
GANGAIAH, FREDERICK HENDERSON, BARRY LEMBERG,
ANITA BUDICH, SPIROS GIANOS, MARY JANE GIANOS,
and HARALD ZAGODA,
          Plaintiffs-Appellees,

                    v.

MERRILL LYNCH & CO., INC., GOLDMAN, SACHS & CO.,
MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,
CREDIT SUISSE FIRST BOSTON LLC, ROBERTSON STEPHENS,
INC., MORGAN STANLEY & CO., INC., BEAR STEARNS &
CO., INC., THE BEAR STEARNS COMPANIES, INC.,
J.P. MORGAN SECURITIES INC., DEUTSCHE BANK
SECURITIES, INC. (f/k/a Deutsche Banc Alex. Brown,
Inc., DB Alex. Brown LLC, and BT  Alex. Brown
Inc.), LEHMAN BROTHERS, INC., SG COWEN SECURITIES,
CORP. (n/k/a SG Cowen & Co., LLC), RBC DAIN
RAUSCHER, INC. (f/k/a Dain Rauscher, Inc.) and
PRUDENTIAL SECURITIES, INC.,
          Defendants-Appellants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, SOTOMAYOR, and HALL, <u>Circuit Judges</u>.

     Petition for rehearing of December 5, 2006, decision reversing

District Court's grant of motion for class certification.

Petition denied.

Gandolfo V. DiBlasi, New York, N.Y., Penny Shane, David M.J. Rein, Richard J.L. Lomuscio, Sara L. Manaugh, Sullivan & Cromwell LLP, New York, N.Y., on the brief, for Defendant-Appellant Goldman, Sachs & Co.; Andrew B. Clubok, Brant W. Bishop, Bradley J. Bondi, Jeffrey B. Wall, Kirkland & Ellis LLP, Wash., D.C., on the brief, for Defendant-Appellant Morgan Stanley & Co. Inc.; Randy Mastro, Robert Serio, Mark Holton, Gibson, Dunn & Crutcher LLP, New York, N.Y., on the brief, for Defendants-Appellants Bear, Stearns & Co. and The Bear Stearns Companies, Inc.; Robert B. McCaw, Louis R. Cohen, Fraser L. Hunter, Jr., Mark M. Oh, David S. Lesser, Wilmer Cutler Pickering Hale and Dorr LLP, New York, N.Y., on the brief, for Defendant-Appellant Credit Suisse Securities (USA) LLC (formerly known as Credit Duisse First Boston LLC); Andrew J. Frackman, Brendan J. Dowd, Matthew J. Merrick, O'Melveny & Myers LLP, New York, N.Y., on the brief, for Defendant-Appellant Robertson Stephens, Inc.; Barry R. Ostrager, David W. Ichel, Joseph M. McLaughlin, Simpson Thacher & Bartlett LLP, on the brief, for Defendant-Appellant J.P. Morgan Securities Inc.; Stephen M. Shapiro, Timothy S. Bishop, Joshua D. Yount, Mayer, Brown, Rowe & Maw LLP, Chicago, Il., on the brief for Defendants-Appellants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Inc.; George A. Schieren, Mark Holland, Robert G. Houck, Clifford Chance US LLP, New York, N.Y., on the brief, for Defendants-Appellants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Inc.; Moses Silverman, Philip Barber, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, on the brief, for Defendant-Appellant Lehman Brothers Inc.;

-2-

A. Robert Pietrzak, Joel M. Mitnick, María D. Meléndez, Sidley Austin Brown & Wood LLP, New York, N.Y., on the brief, for Defendant-Appellant Deutsche Bank Securities Inc. (f/k/a Deutsche Banc Alex. Brown Inc., DB Alex. Brown LLC and BT Alex. Brown Inc.); Jay B. Kasner, Scott D. Musoff, Skadden, Arps, Slate, Meagher & Flom LLP, New York, N.Y., on the brief, for Defendant-Appellant SG Cowen Securities Corp. (n/k/a SG Cowen & Co., LLC); Stewart D. Aaron, Arnold & Porter LLP, New York, N.Y., on the brief, for Defendant-Appellant RBC Dain Rauscher, Inc. (f/k/a Dain Rauscher, Inc.); Stephen L. Ratner, Sarah S. Gold, Proskauer Rose LLP, New York, N.Y., on the brief, for Defendant-Appellant Prudential Securities Inc.

Melvyn I. Weiss, Robert A. Wallner, Ariana J. Tadler, Peter G. Safirstein, Milberg Weiss Bershad & Schulman LLP, New York, N.Y.; Stanley D. Bernstein, Robert J. Berg, Rebecca M. Katz, Felecia L. Stern, Christian P. Siebott, Ann M. Lipton, Bernstein Liebhard & Lifshitz, LLP, New York, N.Y.; Richard S. Schiffrin, David Kessler, Schiffrin Barroway Topaz & Kessler, LLP, Radnor, Penn.; Daniel W. Krasner, Fred Taylor Isquith, Thomas H. Burt, Wolf Haldenstein Adler Freeman & Herz LLP, New York, N.Y.; Jules Brody, Aaron Brody, Stull Stull & Brody, New York, N.Y.; Howard Sirota, Rachell Sirota, Saul Roffe, Sirota & Sirota LLP, New York, N.Y., on the brief, for Plaintiffs-Appellees.

(Theodore M. Shaw, Jacqueline A. Berrien, Norman J. Chachkin, Robert H. Stroup, NAACP Legal Defense and Educational Fund, Inc., New York, N.Y. for amicus curiae NAACP Legal Defense and Educational Fund, Inc. in support of Plaintiffs-Appellees.)

JON O. NEWMAN, Circuit Judge.

-3-

The Plaintiffs-Appellees ("Petitioners") have petitioned for rehearing of our December 5, 2006, decision reversing the District Court's grant of their motion for class certification. See Miles v. Merrill Lynch & Co. (In re Initial Public Offering Securities Litigation), 471 F.3d 24 (2d Cir. 2006). The petition asserts three grounds: (1) our initial decision adopted incorrect standards that a district court must apply in determining whether to grant class certification, (2) the decision erred in concluding that the predominance criterion of Rule 23(b)(3) of the Federal Rules of Civil Procedure could not be satisfied with respect to the Petitioners' class, and (3) a remand is appropriate to enable the District Court to reconsider the class certification motion under the standards we set forth. We requested and received a response from the Defendants-Appellants with respect to points (2) and (3).

We see no reason to revisit or revise what we said in our initial decision concerning the standards for class certification, see id. at 32-42. The Petitioners' second and third points require some discussion, which will assume familiarity with our initial decision. The Petitioners contend that the major flaw in our initial decision was the ruling that individual issues with respect to class members' reliance and knowledge precluded a finding that issues common to class members "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). In making this argument, they contend primarily that non-allocants of shares in the various initial

-4-

public offerings ("IPOs") who purchased shares in the aftermarket, as distinguished from allocants who purchased shares in the IPOs, would have relied on the market price of the shares and would have lacked knowledge of the alleged fraud, which consisted primarily of requirements that allocants artificially inflate share prices by purchasing shares in the aftermarket and pay undisclosed compensation to underwriters in exchange for IPO shares.

This argument, whatever its merit, provides no basis for revising our ruling with respect to the broad class certified by the District Court. That class, nearly as extensive as the broad class described by the Petitioners in their complaint, included, with minor exceptions, vast numbers of allocants as to whom individual issues of reliance and knowledge overwhelmed whatever common issues the Petitioners could identify. The Petitioners, having sought a broad class, are essentially complaining that we failed to narrow their class definition to an extent that might have satisfied Rule 23 requirements. Whatever authority we might have had to undertake that task, we did not think it appropriate to provide legal advice to experienced class action litigators.

However, our ruling rejected class certification only of the class as certified by the District Court. Nothing in our decision precludes the Petitioners from returning to the District Court to seek certification of a more modest class, one as to which the Rule 23 criteria might be met, according to the standards we have outlined.

District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial. See Barr-Rhoderick v. Board of Education, No. CIV 04-0327, 2005 U.S. Dist. LEXIS 43691, at *51 (D.N.M. Sept. 30, 2005); Meyers ex rel. Meyers v. Board of Education, 905 F. Supp. 1544, 1578 (D. Utah 1995); Kamerman v. Steinberg, 123 F.R.D. 66, 69-70 (S.D.N.Y. 1988). Of course, a district court's discretion to "alter[] or amend[] [a class action ruling] before final judgment," see Fed. R. Civ. P. 23(c)(1)(C), cannot be exercised in conflict with an appellate ruling after a Rule 23(f) appeal. Some district courts have explicitly reserved authority to revise a class certification ruling by denying certification "without prejudice." See Pierce v. Novastar Mortgage, Inc., No. C05-5835RJB, 2006 WL 2571984, at *10 (W.D. Wash. Sept. 5, 2006); Barr-Rhoderick, 2005 U.S. Dist. LEXIS 43691, at *51. And the Fifth Circuit has noted that it "specifically invited" a district court to reconsider a denial of class certification. See Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989).

We do not think a district court's authority to revise a class certification ruling requires a "without prejudice" reservation of authority, and we surely are not inviting Judge Scheindlin to certify a more limited class in the aftermath of our rejection of the broad class. Rather, we simply conclude that the Petitioners' attempt to persuade us to revise our initial decision fails, and we leave it to the Petitioners in the first instance to seek whatever relief they

-6-

deem appropriate from the District Court, which can be expected to give such a request full and fair consideration.

The petition for rehearing is denied.[1]

---

[1]To avoid any misunderstanding with respect to the Petitioners' claims under section 11 of the Securities Act, 15 U.S.C. § 77k, we clarify our reference to these claims, see Miles, 471 F.3d at 43, to reflect the general rule that an issuer's liability under section 11 is absolute, but that it can assert a defense that "the plaintiff knew of the untruth or omission at the time of his or her acquisition of the security." IX Louis Loss & Joel Seligman, Securities Regulation 4258 (3d ed. 2004). "Neither section 11 nor Section 12(a)(2) requires that plaintiffs allege the scienter or reliance elements of a fraud cause of action." Rombach v. Chang, 355 F.3d 164, 169 n.4 (2d Cir. 2004).