**In re INITIAL PUBLIC OFFERING SECURITIES LITIGATION.**

**This Document Relates To: all Cases.**

**No. 21 MC 92(SAS).**

United States District Court, S.D. New York.

Aug. 30, 2007.

Melvyn I. Weiss, Esq., Robert A. Wallner, Esq., Ariana J. Tadler, Esq., Peter Safirstein, Esq., Neil Fraser, Esq., Milberg Weiss & Bershad LLP, Stanley Bernstein, Esq., Rebecca M. Katz, Esq., Bernstein Liebhard & Lifshitz, LLP, New York, NY, for Plaintiffs.

Gandolfo V. DiBlasi, Esq., Penny Shane, Esq., Sullivan & Cromwell, New York, NY, for Defendants (Underwriters).

Jack C. Auspitz, Esq., Morrison & Foerster LLP, New York, NY, for Defendants (Issuers).

### MEMORANDUM OPINION AND ORDER

SHIRA A. SCHEINDLIN, District Judge.

In *Miles v. Merrill Lynch & Co., Inc.*, the Second Circuit reversed this Court's certification of a class in each of the six focus cases in the above-captioned coordinated litigation.[1] Underwriter Defendants now move for an order confirming the application of the *Miles* decision to the remaining non-focus coordinated actions, all of which assert similar class allegations and proposed class definitions. Plaintiffs oppose this motion and, for their part, request an order confirming that the statute of limitations as to the absent putative class members' individual claims continues to be tolled in all of the coordinated actions under the Supreme Court's ruling in *American Pipe & Construction Co. v. Utah*[2] and its progeny. For the reasons set forth below, the Underwriter Defendants motion to confirm the application of *Miles* to the non-focus cases is denied, and plaintiffs' request for an order confirming the continuing application of the *American Pipe* tolling doctrine for all of the coordinated actions is granted.

### I. BACKGROUND

On October 13, 2004, this Court issued an Opinion and Order certifying classes in six class actions (the "focus cases") in this coordinated litigation (the "October 13 Opinion").[3] The parties previously had selected the six focus cases and agreed that "[t]he rulings on the class certification motions in the selected cases will govern those cases only."[4] Nevertheless, the Court stated that its Opinion with respect to the six focus cases was "intended to provide strong guidance, if not dispositive effect, to all parties when considering class certification in the remaining actions."[5]

The Underwriter Defendants appealed the Court's *October 13 Opinion* to the Second Circuit. On December 5, 2006, the Second Circuit issued its decision, vacating the class certifications and remanding the cases for further proceedings (*"Miles I"*).[6] On April 6, 2007, the *Miles I* panel denied a petition for rehearing but issued a written opinion clarifying its ruling (*"Miles II"*).[7] On May 18, 2007, the Second Circuit denied rehearing en banc. On May 30, 2007, the mandate issued, and the six focus cases were returned to this Court for further proceedings. Familiarity with the

---

1.  471 F.3d 24 (2d Cir.2006), *reh'g denied*, 483 F.3d 70 (2d Cir.2007), *reh'g en banc denied*, (2d Cir. May 18, 2007).

2.  414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713(1974).

3.  *In re Initial Public Offering Sec. Litig. ("In re IPO")*, 227 F.R.D. 65 (S.D.N.Y.2004).

4.  *Id.* at 72–73 & n. 7.

5.  *Id.* at 73.

6.  *Miles ("Miles I")*, 471 F.3d at 24.

7.  *Miles v. Merrill Lynch & Co., Inc. ("Miles II")*, 483 F.3d 70 (2d Cir.2007).

background of this litigation and the contents of the *October 13 Opinion* and the *Miles I* and *Miles II* decisions is presumed.

At a conference before this Court on May 30, 2007, Underwriter Defendants requested, in light of *Miles,* that the Court deny the omnibus motion for class certification, which was still pending as to all of the 304 remaining non-focus cases. At the conference, plaintiffs moved to withdraw the omnibus motion for class certification.[8] The Court granted the motion and the omnibus motion was withdrawn.[9] Plaintiffs also made an oral motion for class certification with respect to all 310 consolidated actions (the focus and non-focus cases together) and outlined a roughly redefined class on the record.[10]

On June 11, 2007, Underwriter Defendants made the present motion for an order confirming that *Miles* applies to *all* of the cases in this coordinated litigation. On July 11, 2007, plaintiffs submitted their opposition papers, and requested that the Court issue an order confirming that the statute of limitations continues to be tolled under *American Pipe* with respect to all of the cases in this litigation. On July 30, 2007, the Underwriter Defendants submitted their reply brief in support of their motion and opposing plaintiffs' *American Pipe* tolling request. On August 20, 2007, plaintiffs, with leave of Court, submitted a surreply to address their *American Pipe* tolling request.

8. *See* Transcript of May 30, 2007 Conference ("5/30/07 Tr.") at 51, 56.

9. *See id.* at 56.

10. *See id.* at 24–26. Briefing was set to follow 120 days later.

11. *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (quotation omitted).

## II. APPLICABLE LAW

■ Under the doctrine established by the Supreme Court in *American Pipe* and its progeny:

> [T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.[11]

In a series of cases, the Supreme Court held that the filing of a class action tolls the statute of limitations for class members who seek to intervene once the class certification motion is denied,[12] for class members who opt out once the certification motion is granted,[13] and for class members who file separate suits once class certification is denied.[14]

In *In re Worldcom Securities Litigation,* the Second Circuit recently extended the *American Pipe* tolling doctrine to include class members who filed separate suits asserting the same claims as those asserted in the class action *before* a motion to certify a class is decided, but whose actions would otherwise have been time-barred.[15] In so ruling, the Second Circuit reiterated that the purpose of the tolling doctrine is to avoid the "needless multiplicity of actions" that would result if prospec-

12. *See American Pipe,* 414 U.S. at 552–53, 94 S.Ct. 756.

13. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 n. 13, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

14. *See Crown, Cork & Seal,* 462 U.S. at 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

15. *See In re Worldcom Sec. Litig.,* 496 F.3d 245, 251–52 (2d Cir.2007).

tive class members were forced to file suit out of fear of denial of class certification.[16] The court also stated that permitting tolling does not conflict with the purpose of statutes of limitations—to put defendants on notice of claims against them and to prevent plaintiffs from sleeping on their rights.[17]

## III. DISCUSSION

### A. Application of *Miles* to the Non–Focus Cases

As noted above, this Court's *October 13 Opinion* made clear that the class certification determination in that Opinion governed only the six focus cases, even if the determinations were intended to provide guidance in the non-focus cases. This Court never decided the omnibus motion for class certification. Indeed, the Second Circuit's own language makes clear that its decision in *Miles* addressed this Court's decision as to the six cases in which a class was certified and no more.[18]

Of course, *Miles* is the law of this Circuit, and this Court is bound to apply the standards set forth in those opinions in any class certification motion it faces, not only in these consolidated actions, but in every other case as well. In that sense, but in that sense alone, *Miles* applies to the non-focus cases.

### B. *American Pipe* Tolling[19]

#### 1. Non–Focus Cases

■■■ There has been no ruling on any motion for class certification in any of the non-focus cases. Accordingly, *American Pipe* tolling is plainly still in effect in all of those cases. The tolling period began upon the filing of the class action complaints in those actions and continues until class certification is denied in those cases.

#### 2. Focus Cases

■■■ With respect to the focus cases, the parties dispute whether tolling ceased as a result of the Second Circuit's decision to vacate class certification in each of the six focus cases.[20] Plaintiffs argue that the

---

16. *Id.* at 253–54 (citing *Crown, Cork & Seal*, 462 U.S. at 351, 103 S.Ct. 2392).

17. *See id.*

18. *See Miles I*, 471 F.3d at 45 ("Accordingly, we vacate the District Court's order granting class certifications in each of the six focus cases and remand for further proceedings."). Had the Second Circuit affirmed the grant of class certification, Underwriter Defendants undoubtedly would have been quick to point out that the affirmance would not have been binding as to the remaining 304 non-focus cases.

19. Underwriter Defendants argue that this issue is not ripe for decision and that as a result, plaintiffs seek an advisory opinion. They base this argument on the fact that no putative class member has yet attempted to assert an untimely claim and that as a result, Underwriter Defendants have not yet moved to dismiss any individual complaint as untimely. I disagree. "The *American Pipe* toll-

ing doctrine was created to protect class members from being forced to file individual suits in order to preserve their claims." *In re Worldcom*, 2007 WL 2127874, at *10. It would be an incongruous result indeed if this issue could become ripe only *after* the very purpose of *American Pipe* is thwarted by forcing all putative class members to intervene or file individual complaints. Underwriter Defendants also argue that the named plaintiffs lack standing to seek this order because they have already timely brought suit, unlike absent class members. That argument makes no sense. Putative class members can and should be able to rely on the named plaintiffs to pursue their interests.

20. The parties also dispute when the tolling ceased, if indeed it did. Underwriter Defendants argue that tolling ceased on December 5, 2006, when the Second Circuit issued its *Miles I* decision vacating class certification. Plaintiffs counter that tolling ceased, if at all, on the date the mandate issued. Although

Second Circuit's decisions in *Miles I* and *Miles II* demonstrate that the defects in the class as previously certified are largely remediable and that the six focus cases may indeed properly proceed as class actions if the classes are defined more narrowly. As a result, plaintiffs argue that *American Pipe* tolling never stopped running because it was reasonable for putative class members to rely on the possibility of class certification, albeit of a more narrow class. Underwriter Defendants counter that once class certification is denied, tolling ceases, even if there is room for another motion to certify a narrower class.

This precise issue is of first impression. Two decades ago, the Second Circuit expressly declined to address it, and has not since revisited it.[21] This issue turns on the reasonableness of absent plaintiffs' reliance on the class action to advance their claims. As a result, whether tolling continues after certification is denied depends on the facts and circumstances of each case and is not amenable to a bright-line rule. Here, taking the two Second Circuit decisions in *Miles I* and *Miles II* together, it is plain that there has been no definitive decision that the six focus cases cannot proceed as a class action.[22] To the contrary, the court went out of its way to state that "[n]othing ... precludes [plaintiffs] from returning to the District Court to seek certification of a more modest class, one as to which the Rule 23 criteria might be met, according to the standards we have outlined."[23] Based on those two opinions, the only absent plaintiffs who may no longer reasonably rely on a class action to advance their claims are the initial allocants of the IPOs. Thus, the statute of limitations began to run for those individuals' claims on May 30, 2007.[24] For all other putative class members, it remains reasonable for them to rely on these actions continuing as class actions and on their inclusion in those class actions unless and until this Court (or a higher court) definitively denies the pending motion for class certification.[25]

tolling ceases upon a district court's denial of class certification, even though appellate review (through Rule 23(f) or otherwise) may ultimately reverse that determination, the circumstances when a district court grants class certification is different. Once the class is certified, it remains certified through all of the proceedings in the Second Circuit (and ultimately through Supreme Court review if *certiorari* is sought) until the case is returned to the district court by way of the mandate. I conclude that if tolling ceased here at all, it did so on May 30, 2007, the date the mandate was issued.

21. *See Korwek v. Hunt,* 827 F.2d 874, 879 (2d Cir.1987) (after affirming the denial of class certification, the court noted "that it leaves for another day the question of whether the filing of a potentially proper subclass would be entitled to tolling under *American Pipe*").

22. *Cf. id.* (holding that *"American Pipe* tolling does not apply to permit a plaintiff to file a subsequent class action following a definitive determination of the inappropriateness of

class certification" and noting that class certification was denied mainly due to manageability problems).

23. *Miles II,* 483 F.3d at 73. Although the court did state that "we surely are not inviting Judge Scheindlin to certify a more limited class," *id.,* it did so in an apparent response to a decision it cited from the Fifth Circuit, *Calderon v. Presidio Valley Farmers Ass'n,* 863 F.2d 384, 389 (5th Cir.1989), where that court "specifically invited" the district court to reconsider a denial of class certification. *See Miles II,* 483 F.3d at 73.

24. *See supra* n. 20. *See also In re Worldcom,* 2007 WL 2127874, at *9 ("Once [plaintiffs] cease to be members of the class—for instance, when they opt out or when the certification decision excludes them—the limitation period begins to run again on their claims.").

25. *See, e.g., Crown, Cork & Seal,* 462 U.S. at 352–53, 103 S.Ct. 2392 ("Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims.").

## IV. CONCLUSION

For the reasons discussed above, the Underwriter Defendants' motion to confirm the application of *Miles* to the non-focus cases is denied. Plaintiffs' request for an order confirming the continuing application of the *American Pipe* tolling doctrine for all of the coordinated actions is granted. The Clerk of the Court is directed to close this motion.

SO ORDERED.