12-2832-cv
Cuevas v. Citizens Fin. Grp., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:  REENA RAGGI
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges.*
                    LEWIS A. KAPLAN,
                              *District Judge.*\*

-----------------------------------------------------------------------

ALBERONYS CUEVAS, on behalf of himself and all others similarly situated,

                              *Plaintiff-Appellee*,

                                                            No. 12-2832-cv

                    v.

CITIZENS FINANCIAL GROUP, INC. and RBS CITIZENS, N.A. (d/b/a Citizens Bank)
                              *Defendants-Appellants*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:        MARK W. BATTEN (Alison M. Langlais, Elise M. Bloom, Brian Gershengorn, *on the brief*),

---

\*The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Proskauer Rose LLP, Boston, Massachusetts & New York, New York,

APPEARING FOR APPELLEE: PETER WINEBRAKE, Winebrake & Santillo, LLC, Dresher, Pennsylvania, (Brendan J. Donelon, Donelon, P.C., Kansas City, Missouri, *on the brief*).

Appeal from an order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on May 22, 2012, is VACATED and REMANDED for further proceedings consistent with this order.

Defendants, Citizens Financial Group and RBS Citizens, N.A. ("Citizens"), appeal from an order of the United States District Court for the Eastern District of New York, granting plaintiff Alberonys Cuevas' ("Cuevas") motion to certify a class pursuant to Fed. R. Civ. P. 23(b)(3). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate the judgment and remand for further proceedings consistent with this order.

We review a district court's decision on class certification for abuse of discretion as to the "determination on certification, as well as to its rulings that the individual Rule 23 requirements have been met." In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 34 (2d. Cir. 2009). "While our review of the legal standards applied by the district court and the court's other legal conclusions is de novo . . . the district court's application of those

standards to the facts of the case is again reviewed only for abuse of discretion." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010) (internal citations omitted).

1.      Commonality

Citizens argues that the district court committed legal error in failing to resolve factual disputes relevant to Rule 23(a)(2)'s commonality requirement. We agree.

A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements of Rule 23(b). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Rule 23(a)(2)'s commonality prerequisite requires a showing that plaintiffs' claims "depend upon a common contention . . . [that is] of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). The Supreme Court repeatedly has made clear

that a district court must undertake "'a rigorous analysis'" in determining "'that the prerequisites of Rule 23(a) have been satisfied.'" Id. (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982)). Moreover, such determinations "can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement." In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006), clarified on denial of reh'g sub nom. In re Initial Pub. Offering Sec. Litig., 483 F.3d 70 (2d Cir. 2007).

Here, the district court was presented with conflicting evidence concerning the primary duties of the Assistant Branch Managers ("ABMs"). While Cuevas submitted evidence – e.g., Citizens' policy documents and ABM job descriptions – which suggested that the ABMs performed primarily the same duties company wide, Citizens presented evidence tending to contradict that conclusion. Indeed, as Citizens points out, many of the declarations submitted to the district court – from ABMs, bank managers, regional managers, and others – if credited, suggested that the ABM's primary duties varied in respects material to whether they were exempt or non-exempt employees. These factual disputes are relevant to the determination whether Cuevas has presented a claim that is capable of classwide resolution, and, to the extent they are material, must be resolved before a Rule 23(a) determination may be made. Although the district court noted that "the record shows some differences among the exact daily activities of ABMs at different bank branches," Cuevas v. Citizens Fin. Grp., Inc., 283 F.R.D. 95, 98 (E.D.N.Y. 2012), it did not analyze rigorously the conflicting evidence before it and resolve the material disputed facts.

We vacate the district court's commonality finding and remand for reconsideration. On remand, the district court should resolve the factual disputes to the extent they are material to the commonality question and provide a rigorous analysis of whether Cuevas has presented a common question that is capable of classwide resolution.

2.    Predominance

Citizens argues that the district court erred in concluding that Rule 23(b)(3)'s predominance requirement was satisfied without analyzing the record and resolving disputed facts. We agree largely for the reasons stated above.

A court may certify a class under Rule 23(b)(3) if it finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As with Rule 23(a), the district court must conduct a "rigorous analysis" in determining whether Rule 23(b)'s requirements have been met. Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013). In making this determination, the "district judge is to assess all of the relevant evidence admitted at the class certification stage" and resolve all material disputed facts. In re Initial Pub. Offerings, 471 F.3d at 42. Moreover, the question whether employees' primary duties qualify the employees as exempt from overtime "should be resolved by examining the employees' actual job characteristics and duties." Myers, 624 F.3d at 548 (citing 29 C.F.R. § 541.2).

The district court held that Citizens' blanket exemption of all ABMs, along with the policies set forth in its company wide documents, established that common issues predominate over individual ones. See Cuevas, 283 F.R.D. at 99. As with its determination on commonality, however, the district court declined to address all of the evidence before it and resolve the material factual disputes arising from the conflicting declarations. Resolving these issues is essential to determining whether ABMs actually share primary duties such that common issues predominate over individual ones.

We vacate the district court's finding as to predominance and remand for further consideration.

Our decision should not be read to hold that certification of this class – or any class of employees claiming they have been misclassified – is not possible. As we said in Myers, exemption is not an "*inherently* individualized inquiry, such that class treatment will never be appropriate in exemption cases." 624 F.3d at 549. Indeed, district courts in this Circuit appropriately have certified classes in cases of this general nature, where company wide documents and policies tended to "show that plaintiffs' jobs were similar in ways material to the establishment of exemption criteria." Id. (citing Damassia v. Duane Reade, Inc., 250 F.R.D. 152 (S.D.N.Y. 2008)). In such cases, the district courts rigorously analyzed the record, weighed the conflicting evidence, resolved material factual disputes, and determined that "subsidiary questions involved in resolving exemption will be answerable through evidence generally applicable to the class." Id., at 549.

6

3.    Other Arguments

Having determined that the order must be vacated and remanded for the reasons given above, we need not address Citizens' remaining arguments.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court