**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-2022**

KRISTEN GRACE; ROSSANA HERNANDEZ; MICHAEL HEYSER; LISA LEAKE; CHRISTOPHER STEIN; CHRISTOPHER SUBLETT; LESLIE ZEPEDA,

Plaintiffs - Appellants,

and

FRANCISCO GARZA,

Plaintiff,

v.

RTX CORPORATION, f/k/a Raytheon Technologies Corporation,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:24-cv-02083-CMH-WBP)

Submitted:  February 23, 2026                                    Decided:  May 5, 2026

Before WYNN, THACKER, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  E. Scott Lloyd, LLOYD LAW GROUP, PLLC, Front Royal, Virginia, for Appellant.  Dawn R. Solowey, Boston, Massachusetts, Samantha L. Brooks, Washington, D.C., Owen R. Wolfe, SEYFARTH SHAW LLP, New York, New York, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In September 2022, RTX Corporation, commonly known as Raytheon ("Appellee"), was sued by several former employees in the District Court for the District of Arizona on behalf of themselves and a purported class of similarly situated persons. The former employees (the "Arizona Appellants") claimed that Appellee had discriminated against them based on their religious objections to wearing face masks as required by Appellee's pandemic-era workplace safety policy. The District of Arizona court dismissed the individual claims as facially implausible and denied the motion for class certification as moot.

Undeterred, in November 2024, the Arizona Appellants sued Appellee again, this time in the District Court for the Eastern District of Virigina. And this time, they were joined by three additional plaintiffs (together with the Arizona Appellants, "Appellants"). In addressing this second suit, the Eastern District of Virginia held that some of the claims were barred by res judicata, but in any event, none of the claims were filed within the applicable statute of limitations. So, this action, too, was dismissed.

Appellants appealed. Although Appellants concede that their claims are outside the ordinary statute of limitations, they argue that the rule from *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), saves their case. Briefly, the *American Pipe* rule tolls the applicable statute of limitations as to any individual cause of action during the pendency of a class action lawsuit for any individual who was or would have been a member of the purported class.

For the reasons detailed below, we disagree with Appellants and affirm the dismissal of the case as untimely.

I.

In September 2021, during the COVID-19 pandemic, Appellee issued a new internal workplace safety policy. Pursuant to that policy, all employees were required to be vaccinated against COVID-19 and to remain current on those vaccinations. But the policy also offered an accommodation for any employee who declined to be vaccinated out of medical necessity or religious objection. In lieu of vaccination, those employees could opt to wear a mask at work, test weekly for COVID-19, and practice social distancing. Later the same month, Appellee lifted its company-wide masking and social distancing requirement for any employee who was current on his or her vaccinations. But those requirements remained in effect for unvaccinated employees.

Appellants each opted against vaccination. Thus, pursuant to its policy, Appellee required each of them to mask and practice social distancing while at work. But because vaccinated employees were no longer required to mask, Appellants felt that the masking policy singled them out and made them "easily identifiable as person[s] who had a medical or religious objection" to vaccination. J.A. 56.[1] Further, they claimed that they "could not in good conscience agree to the testing that came as a result of [their] request[s] for accommodation." Opening Br. at 4. As a result, they refused to comply with the policy. Appellee fired most of the Appellants for their noncompliance. Others resigned.

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

In September 2022, the Arizona Appellants sued Appellee in the District of Arizona. They claimed that Appellee had discriminated and retaliated against them for their sincerely held religious beliefs in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-(2)(a)(1), 2000e(3). They each stated individual claims for damages but also moved to certify a class of similarly situated persons.

Appellee moved to dismiss. On February 27, 2023, the Arizona district court granted that motion and dismissed all the individual claims with prejudice. The court held that the Arizona Appellants' claims were facially implausible because they had failed to explain how Appellee had treated them differently than other employees. And having dismissed the individual claims, the court denied the motion for class certification as moot. On April 29, 2024, the Ninth Circuit affirmed that dismissal. *See Leake v. Raytheon Tech. Corp.*, No. 23-15320, 2024 WL 1854287 (9th Cir. Apr. 29, 2024). Important to the consideration of the timeliness of this case, the Supreme Court denied certiorari on October 21, 2024. *Leake v. Raytheon Tech. Corp.*, 142 S. Ct. 428 (Mem) (Oct. 21, 2024).

Thereafter, on November 20, 2024, the Arizona Appellants filed a nearly identical action in the Eastern District of Virginia, the only difference being that they added three new plaintiffs, together making up Appellants in the case at hand. The Virginia district court dismissed these new claims on July 22, 2025. Rather than dismissing on the merits, the court held that most of the Appellants' claims are barred by res judicata, as five of the eight plaintiffs had already made "the same" claims in the Arizona action. J.A. 258–59.

The court further held that the remaining claims are time barred. As explained more fully below, before a plaintiff may raise a Title VII claim on her own behalf in federal

5

court, she must receive a right to sue letter from the Equal Employment and Opportunity Commission (the "EEOC"). *See Thomas v. EOTech, LLC*, 169 F.4th 259, 263–64 (4th Cir. 2026). Once a plaintiff receives a right to sue letter, she has 90 days to file her complaint. *Id.* at 264. Here, the district court found that each Appellant had received a right to sue letter no later than August 5, 2024. But Appellants did not file suit until November 20, 2024 -- 107 days later. Therefore, the district court dismissed the case as untimely.

This appeal followed.

## II.

Appellants raise two issues on appeal. First, they argue that the district court erred in holding that res judicata bars the Arizona Appellants' claims. Second, they argue that the filing deadline for all of their claims was tolled, such that they are timely for the purposes of this action. Because the timeliness issue is dispositive of this appeal, we need not address the question of res judicata.

## A.

We review the district court's legal conclusions de novo and its factual findings for clear error. *Cogdell v. Reliance Standard Life Ins. Co.*, 169 F.4th 238, 245–46 (4th Cir. 2026).

## B.

In order to file a lawsuit, a Title VII plaintiff must first inform the EEOC of the basis of her complaint so that the agency has the opportunity to attempt mediation with the employer. *See Thomas v. EOTech, LLC*, 169 F.4th 259, 263 (4th Cir 2026). If that fails or the EEOC declines to act on the complaint, the plaintiff may request a "right to sue" letter

6

from the EEOC.  *Id.* at 263–64.  The plaintiff may not sue her employer until she receives that letter and then must do so within 90 days.  *Id.* at 264; 42 U.S.C. § 2000e-5(f).

The first of the Appellants to receive a right to sue letter here received it on October 3, 2022, and the last Appellant to receive a right to sue letter did so on August 5, 2024. Consequently, under the ordinary rule, the latest date that any of the Appellants could have sued was November 3, 2024 -- that is, 90 days after August 5, 2024, when the last Appellant received his right to sue letter.  But the present action did not commence until 107 days later, on November 20, 2024.

No matter, Appellants argue, because according to them, the rule from *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), saves their case.  That rule, as clarified in *Crown, Cork & Seal Co. v. Parker*, holds that:

> "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.

*Crown, Cork & Seal Co.*, 462 U.S. 345, 353–54 (1983) (quoting *American Pipe*, 414 U.S. at 554) (internal citations omitted).  Appellants argue that the district court failed to apply the rule from *American Pipe* and thereby wrongly dismissed their claims as untimely.  That is so, Appellants argue, because *American Pipe* tolling lasts through the pendency of appeal.

7

The district court acknowledged the *American Pipe* rule but nonetheless concluded that it did not save Appellants' claims because there is no rule in this circuit -- or in any other circuit -- that *American Pipe* tolling lasts through the pendency of appeal.

We agree with the district court. Although the Arizona Appellants moved for class certification, that motion was denied as moot on February 27, 2023. Therefore, *American Pipe* tolling could have given Appellants who received their right to sue letter before that date at most until May 28, 2023, to file suit in their individual capacities, but Appellants did not file this action until eighteen months later, on November 20, 2024.[2]

Appellants respond that although "there is not a clear rule in the Fourth Circuit" on this issue, "[o]ther courts have found that *American Pipe* tolling lasts through [the pendency of] appeal." Opening Br. at 13.

---

[2] To be clear, Title VII imposes an *individual* filing requirement for each recipient of a right to sue letter. *American Pipe* tolls that individual requirement only if there is an ongoing class action in which the individual claimant could be a party and then only until class status is denied as to the individual or the class as a whole, for any reason.

Each of the Appellants received their respective right to sue letters at different times. And because *American Pipe* tolling only pauses the statutory clock, rather than resetting it, only Appellants who received their right to sue letter between September 24, 2022 -- when the Arizona Appellants moved for class certification -- and February 27, 2023 -- when that motion was denied -- had a full 90 days after February 27 in which to file their individual actions.

No Appellant received a right to sue letter before the Arizona Appellants instituted the Arizona action in September 2022. Some Appellants received a right to sue letter during the pendency of that action. Because *American Pipe* tolled the statutes of limitation as to those Appellants' claims during the pendency of the class action, those Appellant had ninety days from February 27, 2023, when the district court dismissed the class action, in which to file their individual claims.

No Appellant who received their letter *after* February 27, 2023, benefited from *American Pipe* tolling. They each had 90 days from the date they received their respective letters to file their individual complaints.

8

But even extending *American Pipe* through the pendency of appeal would not save Appellants' case. The Ninth Circuit affirmed dismissal of the Arizona action on April 29, 2024. Thus, even if *American Pipe* tolled the 90 day statute of limitations until that dismissal, any Appellant who received a letter before the dismissal would have had, at most, until July 28, 2024, to file their individual claim -- a deadline they clearly missed because Appellants did not file this lawsuit until November 20, 2024. And any Appellant who received their letter *after* July 28, 2024, would not benefit from *American Pipe* tolling at all. Instead, in order to prevail, Appellants would require a ruling that *American Pipe* tolls statutes of limitation until denial of a *writ of certiorari*, as the Supreme Court's denial of certiorari in this case -- which came on October 21, 2024 -- was the only appellate development in the Arizona action that occurred within 90 days of Appellants' filing in the Virginia action. Thus, such a rule would give them all until January 19, 2025, to file new claims, thereby making this lawsuit timely. But in any case, such a theory is unpersuasive.

In support of their position, Appellants cite opinions from the Kansas and Utah Supreme Courts. Not only are Appellants' cited cases of no precedential value in this Circuit, but they also do not support Appellants' position. Granted, the Kansas Supreme Court has held that *American Pipe* tolling may last through appeal. But it did so in a case construing that doctrine as applied to *Kansas* law, and in doing so expressly distinguished *federal* law. *See Seaboard Corp. v. Marsh Inc.*, 284 P.3d 314, 408–12 (Kan. 2012) (construing K.S.A. 60-518 and explaining that "unlike [in certain] federal cases," Kansas law contemplated tolling a general state statute of limitations through the pendency of appeals). And the Utah Supreme Court acknowledged, "*American Pipe* and *Crown, Cork*

9

*& Seal* left this issue unclear as a matter of federal law." *Am. Tierra Corp. v. City of West Jordan*, 840 P.2d 757, 762 (Utah 1992). Although that court ultimately adopted an appeals pendency rule, it did so only "as a matter of *Utah* law." *Id.* (emphasis supplied).

To be sure, as Appellants point out, *Seaboard Corp.* and *American Tierra Corp.* each relied on federal authorities for their respective holdings. But those federal authorities do not support Appellants' position either. Rather, each held that *American Pipe* tolling can continue through appeal, but only when the district court *grants* a motion for class certification.[3] Critically, in those scenarios, *American Pipe* tolling ends if the appeals court reverses the district court's certification and denies class membership. *See, e.g.*, *Griffin v. Singeltary*, 17 F.3d 356, 361 (11th Cir. 1994) ("[W]e hold that the charge-filing period for the individual claims asserted . . . was tolled . . . from the time the lawsuit was filed until this Court published its opinion vacating the order certifying the class."). That is, as the *Crown, Cork & Seal Co.* Court explained, tolling continues "until class certification is denied," either by the district court in the first instance, or when a district court initially grants certification but is reversed on appeal. 462 U.S. at 353–54.

Even the *American Pipe* Court itself indicated that the rule does not toll statutes of limitation pending appeal. In *American Pipe*, the plaintiffs moved for class certification with 11 days remaining in the relevant filing period. *American Pipe*, 414 U.S. at 561. The district court denied their motion. *Id.* Consequently, as the Supreme Court reasoned, the

---

[3] *See* Opening Br. at 14 n.1 (citing *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994); *Edwards v. Boeing Vertol Co.*, 717 F.2d 761 (3d Cir. 1983), *vacated*, 104 S. Ct. 3566 (mem.); *In re Initial Public Offering Secs.*, 617 F. Supp. 2d 195 (S.D.N.Y. 2007)).

plaintiffs had 11 days from the district court's denial of their motion to intervene individually. *Id.* Because they had done so, their claims were timely. *Id.*; *see also Cal. Pub. Emps. Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 514–15 (2017) (explaining that the *American Pipe* court implied that tolling would run from the date of the district court's denial of class participation). In *Crown, Cork & Seal Co.*, too, the Court explained that because the "respondent did not receive his [right to sue letter] until after the [class action] was filed, he retained a full 90 days in which to bring suit after class certification was denied." 462 U.S. at 354. And because the respondent in *Crown, Cork & Seal* had filed his own action within 90 days of the district court's disposition on class certification, the Court reasoned that his claims were timely. *Id.* at 348, 354.

Moreover, in *Bridges v. Department of Maryland State Police*, we explained that the *American Pipe* rule "equitably tolls the running of the statute of limitations for proposed class members' claims until the class action is denied." 441 F.3d 197, 210 (4th Cir. 2006). We characterized the rule as a "limited exception" that "extends as far as is justified by the objectively reasonable reliance interests of the absent class members." *Id.* at 211. Thus, we held in that case, "no absentee class member could reasonably have relied on the named plaintiffs, nor the district court, to protect their interests in the period following the *district court's* . . . certification denial . . . even though that certification denial was only for administrative purposes." *Id.* (emphasis supplied).

Other circuits have been more explicit. The Third Circuit squarely addressed this question in *Nelson v. County of Allegheny*, 60 F.3d 1010 (3d Cir. 1995), and concluded, "to permit tolling the statute of limitations until final resolution on appeal of all claims

11

would disable the essential purpose of the statute and encourage plaintiffs to sleep on their rights." *Id.* at 1013.  The Fifth Circuit, too, has held plainly, "the unsuccessful appeal of either a decertification or a denial of certification does not extend the [*American Pipe*] tolling period." *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 376 (5th Cir. 2013).  And in *Giovanniello v. ALM Media, LLC*, the Second Circuit made clear that the *American Pipe* rule tolls statutes of limitation only until the district court denies class status.  726 F.3d 106, 115–16 (2d Cir. 2013) ("American Pipe tolling does not extend beyond the denial of class status.").  Likewise, the Sixth Circuit recently concluded, "the courts of appeals that have considered this issue are unanimous that the dismissal of an uncertified class action [by a district court] terminates *American Pipe* tolling," and thus, "the pendency of [an] appeal [does] not suspend . . . time to file an individual action." *Potter v. Comm'n Soc. Sec.*, 9 F.4th 369, 380–81 (6th Cir. 2021).  The Seventh, Eleventh, and Federal Circuits have all reached the same result.[4]

This is not a close issue.  Every circuit court to take up this question has held that *American Pipe* tolls a statute of limitations only until class status is denied, either by the district court or on appeal.

---

[4] *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1382 (11th Cir. 1998) ("The [Supreme] Court . . . clearly assumed that tolling should end when the district court denies class certification, not after the appeals process has run and some later final order is entered."); *Collins v. Village of Palatine*, 875 F.3d 839, 843 (7th Cir. 2017) ("As a general matter, the consensus view among the circuits is that once certification is denied, the limitations clock *immediately* starts ticking again."); *Stone Container Corp. v. U.S.*, 229 F.3d 1345, 1356 (Fed. Cir. 2000) ("[W]e hold that tolling ends when class certification is denied in the trial court.").

12

Here, Appellants each had 90 days from receipt of their respective right to sue letters to file individual actions. The *American Pipe* rule tolled that statute of limitations while the Arizona Appellants' motion for class certification was before the district court in the Arizona action. The Arizona district court denied class certification on February 27, 2023. The *American Pipe* rule thus tolled the statute of limitations for prospective class members only until that date, at which time the statutory clock resumed for all Appellants. Consequently, each Appellant had to file their individual claims within 90 days of the later of (1) February 27, 2023, or (2) the day they received their own right to sue letter. And because every Appellant had received a right to sue letter by August 5, 2024, none of Appellants' individual claims could have been timely after November 3, 2024 -- 90 days later. This action commenced on November 20, 2024 -- 107 days later. The claims are therefore untimely, and the district court properly dismissed the action.

III.

The district court's dismissal is

*AFFIRMED*.

13