# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 02-3837

JOSEPH SLOVINEC,

*Plaintiff-Appellant,*

v.

DEPAUL UNIVERSITY,

*Defendant-Appellee.*

————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 01 C 576—**Charles R. Norgle, Sr.,** *Judge.*

————————

SUBMITTED JUNE 5, 2003—DECIDED JUNE 18, 2003

————————

Before EASTERBROOK, KANNE, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Joseph Slovinec holds a master's degree in history from DePaul University. He also has attended DePaul's School of Education, completing all courses but not the required student teaching, and DePaul's School of Law, completing the first year. He owes DePaul about $80,000 in student loans (guaranteed by the federal government), loans that he is not retiring because he cannot obtain full-time employment. In this suit Slovinec contends that DePaul violated his rights under state and federal law by (a) not providing letters of recommendation that might assist him in obtaining employment (DePaul insists that Slovinec first waive any right to see the contents of these

letters), and (b) either loaning him too much money for his earning capacity, or not doing enough to help him obtain employment to pay down the debt. The former is said to violate the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. §1232g, and the latter the Higher Education Act of 1965 (HEA), 20 U.S.C. §§ 1070-1155. Slovinec's complaint narrates many additional grievances against persons other than DePaul; we limit our attention to the only defendant. The district court concluded that neither the FERPA nor the HEA creates a private right of action and dismissed the complaint. 222 F. Supp. 2d 1058 (N.D. Ill. 2002). The court relinquished supplemental jurisdiction over all state-law theories, enabling Slovinec to pursue them in state court.

DePaul is a private university, so Slovinec cannot use 42 U.S.C. §1983, and the approach of *Maine v. Thiboutot*, 448 U.S. 1 (1980), to enforce these federal statutes. He needs some other grant of authority. The Supreme Court held in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), that the FERPA does not authorize suits by private persons, as opposed to the federal government. As for the HEA: three courts of appeals have held that this statute does not create a private right of action. See *Labickas v. Arkansas State University*, 78 F.3d 333 (8th Cir. 1996); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484-85 (9th Cir. 1995); *L'ggrke v. Benkula*, 966 F.2d 1346 (10th Cir. 1992).

The Court's approach to the FERPA in *Gonzaga* shows that *Labickas*, *Parks*, and *L'ggrke* are correctly decided. The HEA, like the FERPA, is a funding statute, attaching conditions to grants, scholarships, and guarantees underwritten by the national government. Congress provided in each statute for enforcement *by* the national government, and in the HEA for enforcement *against* the Secretary of Education as well. See 20 U.S.C. §1082(a)(2). Neither statute authorizes litigation by a private plaintiff against anyone

other than the Secretary. If the Secretary is not doing his job in holding recipients to the conditions of federal support, then complaint should be made of the Secretary and may be renewed in court if the Secretary declines to act and if the would-be plaintiff has standing. See *Heckler v. Chaney*, 470 U.S. 821 (1985). As long as the Secretary believes that DePaul is respecting the terms on which it receives or distributes federal aid, the only potential avenue of relief is a suit against the Secretary under §1082(a)(2).

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*