In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3395

MICHAEL COLLINS, on behalf of himself
and all others similarly situated,

*Plaintiff-Appellant,*

*v.*

VILLAGE OF PALATINE, ILLINOIS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 16 C 3814 — **Matthew F. Kennelly**, *Judge.*

ARGUED FEBRUARY 7, 2017 — DECIDED NOVEMBER 16, 2017

Before BAUER, POSNER,[*] and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. When a plaintiff files a complaint on
behalf of a proposed class, the statute of limitations for the
claim is tolled for each member of the class. *Am. Pipe &*

[*] Circuit Judge Posner retired on September 2, 2017, and did not partici-
pate in the decision of this case, which is being resolved by a quorum of
the panel under 28 U.S.C. § 46(d).

*Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974). The tolling continues until the case is "stripped of its character as a class action." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 393 (1977) (quoting Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment). This "stripping" occurs immediately when a district judge denies class certification, dismisses the case for lack of subject-matter jurisdiction without deciding the class-certification question, or otherwise dismisses the case without prejudice. The question before us is whether a dismissal *with* prejudice also strips a case of its class-action character. The district court concluded that it does. We agree and adopt a simple and uniform rule: Tolling stops immediately when a class-action suit is dismissed—with or without prejudice—before the class is certified.

## I. Background

On a summer day in June 2007, a police officer in the Village of Palatine issued a parking ticket to Michael Collins. When Collins returned to his car later that day, he found the bright yellow ticket under his car's windshield wiper blades. The ticket listed personal information about him, including his name, address, driver's license number, date of birth, sex, height, and weight. Collins claims that the display of his personal information violated the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 *et. seq.* So on March 29, 2016, he sued the Village of Palatine on behalf of himself and a proposed class.

Ordinarily the long delay in filing suit—almost nine years—would be fatal to his claim; the DPPA's statute of limitations is four years. But the timeliness of Collins's claim is complicated by the earlier filing of a nearly identical class complaint against Palatine.

Jason Senne faced a similar ticketing scenario. He left his car illegally parked overnight, and a Palatine police officer placed a parking ticket displaying his personal information on the car's windshield. On August 27, 2010, Senne sued on behalf of himself and all similarly situated individuals alleging that Palatine violated the DPPA. Because the lawsuit was brought as a class action, the filing of the complaint tolled the DPPA's statute of limitations for everyone in the proposed class.

Senne's case had a short life in the district court. On September 22, 2010, before Senne filed a motion to certify a class, the district court granted Palatine's motion to dismiss for failure to state a claim. A panel of this court affirmed the dismissal, but the full court reheard the case and reversed. *See Senne v. Village of Palatine*, 695 F.3d 597, 599–600 (7th Cir. 2012) (en banc).

On remand Senne moved to certify a class. The district judge heard argument on the motion but deferred ruling, instead inviting Palatine to file a motion for summary judgment. Palatine complied. The judge entered summary judgment for the Village and "terminated" the motion for class certification as moot. *See Senne v. Village of Palatine*, 6 F. Supp. 3d 786, 797 (N.D. Ill. 2013). We affirmed, *Senne v. Village of Palatine*, 784 F.3d 444 (7th Cir. 2015), and on November 2, 2015, the Supreme Court denied certiorari, 136 S. Ct. 419 (2015).

On the day the Supreme Court denied certiorari, Senne's attorney, Martin Murphy, filed a successor class action on behalf of himself and a proposed class. His complaint was just a placeholder to preserve the class's claims. Murphy later filed this suit naming Collins as the class representa-

tive; he then sought voluntary dismissal of his own complaint.

Palatine moved to dismiss, arguing that Collins's claim was time-barred because the statute of limitations resumed when the district court dismissed Senne's lawsuit. Collins responded (through Murphy, his counsel) that the dismissal on timeliness grounds was inappropriate at the pleadings stage, and even if procedurally proper, the suit was timely because the limitations period was tolled until the Supreme Court denied Senne's petition for certiorari. He also separately moved to certify a class.

The judge agreed with Palatine that Collins's claim was time-barred and granted the motion to dismiss. The judge summarily denied the motion for class certification, apparently on mootness grounds, though he did not give a reason. This appeal followed.

## II. Discussion

Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely. *See Bonnstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016). Moreover, judicial notice of public court documents is appropriate when ruling on a Rule 12(b)(6) motion to dismiss. *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016). Because the complaint and court documents contain everything necessary to decide the timeliness issue here, it was procedurally proper at the pleadings stage for the judge to consider whether Collins's claim was barred by the statute of limitations.

We review the dismissal order de novo, accepting all well-pleaded facts in the complaint as true. *See McCauley v. City of Chicago*, 671 F.3d 611, 615–16 (7th Cir. 2011). Here, timeliness turns on the question of tolling. If tolling ended and the limitations clock resumed when the *Senne* suit was dismissed, Collins's claim is untimely. But if tolling continued until the appeals in *Senne* were exhausted, then Collins's claim is still live. This is a pure question of law: At what point does class-action tolling end?

## A. Tolling the Statute of Limitations

To determine what starts and stops the limitations clock in the class-action context, we begin with the seminal case, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). In *American Pipe*, Utah sued several companies alleging that they colluded to drive up the price of steel and concrete pipe in violation of the Sherman Act. *Id.* at 541. The suit was filed as a class action with just 11 days left under the applicable statute of limitations. *Id.* Six months later the district judge held that the suit could not be maintained as a class action. *Id.* at 542. Within eight days of that order, more than 60 towns, municipalities, and water districts claiming to be members of the original class moved to intervene as plaintiffs. *Id.* at 543–44. The question facing the Supreme Court was whether those motions to intervene were time-barred or whether Utah's class complaint tolled the statute of limitations for the class.

The Supreme Court first clarified that when federal law supplies the period of limitations, federal courts have the "power to toll statutes of limitations." *Id.* at 558. The Court then moved to the main event, holding that "the commencement of the original class suit toll[ed] the running of

the statute for all purported members of the class who ma[d]e timely motions to intervene after the court … found the suit inappropriate for class action status." *Id.* at 553. In other words, members of the putative class still had live claims and could intervene because the filing of the class action tolled the statute of limitations for each of their claims.

The Supreme Court grounded its decision on concerns about judicial efficiency in the class-action context. The Court explained that without tolling, only "those potential members of the class who had earlier filed motions to intervene in the suit" could participate, which would incentivize all potential class members "to file protective motions to intervene or to join in the event that a class was later found unsuitable." *Id.* If every class member rushed to intervene, class actions would lose the "efficiency and economy of litigation[,] which is a principal purpose of the procedure." *Id.* On the other hand, the twin policies underlying statutes of limitations—"ensuring essential fairness to defendants and … barring a plaintiff who has slept on his rights"— would not be undermined by tolling. *Id.* at 554 (internal quotation marks omitted). That is so, the Court said, because the commencement of a class suit "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *Id.* at 555.

In the years following *American Pipe*, appellate courts considered whether its tolling rule applies only to class members seeking intervention after the denial of class certification or if it also applies to class members who file

separate actions. *See Parker v. Crown, Cork & Seal Co.*, 677 F.2d 391 (4th Cir. 1982), *aff'd* 462 U.S. 345 (1983); *Pavlak v. Church*, 681 F.2d 617 (9th Cir. 1982), *vacated and remanded*, 463 U.S. 1201 (1983); *Stull v. Bayard*, 561 F.2d 429 (2d Cir. 1977). In *Crown, Cork & Seal Co. v. Parker*, the Supreme Court resolved that important question, refusing to confine the *American Pipe* rule to intervenors and instead making clear that tolling also "appl[ies] to class members who choose to file separate suits." 462 U.S. at 352. Any other rule, the Court said, would diminish the efficiency of class actions by creating "an increase in protective filings in all class actions." *Id.* at 353.

## B. Resuming the Limitations Clock

Together, *American Pipe* and *Crown, Cork & Seal* explain that the filing of a proposed class action immediately pauses the running of the statute of limitations for all class members. But neither opinion addresses whether tolling continues during the pendency of an appeal after the suit is dismissed or class certification is denied.

As a general matter, the consensus view among the circuits is that once certification is denied, the limitations clock *immediately* starts ticking again.[1] We've been emphatic on

---

[1] *Phipps v. Wal-Mart Stores, Inc.*, 792 F.3d 637, 650 (6th Cir. 2015) ("When the district court denied class certification … , *American Pipe* tolling ended … ."); *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 116 (2d Cir. 2013) ("We now take this opportunity to join our sister circuits and hold that [*American Pipe*] tolling does not extend beyond the denial of class status."); *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 519 (5th Cir. 2008) ("Therefore, it is clear from these cases that if the district court denies class certification under Rule 23, tolling of the statute of limitations ends."); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 211 (4th Cir. 2006)

this point: "Resumption is automatic … ." *Lewis v. City of Chicago*, 702 F.3d 958, 961 (7th Cir. 2012). The circuits also agree that the limitations clock resumes at other procedural intervals as well, such as when a class member opts out of a certified class,[2] when the class component of a suit is volun-

("[T]he statute of limitations 'remains tolled for all members of the putative class *until class certification is denied* for whatever reason.'" (quoting *Crown, Cork & Seal v. Parker*, 462 U.S. 345, 354 (1983))); *Stone Container Corp. v. United States*, 229 F.3d 1345, 1355 (Fed. Cir. 2000) ("[T]olling ends with the district court's dismissal of the class action); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1378 (11th Cir. 1998) (en banc) ("[W]e hold that the tolling of the statute of limitations ceases when the district court enters an interlocutory order denying class certification."); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1013 (3d Cir. 1995) (concluding that "the tolling period ended when the district court denied certification of the class"); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) ("The statute begins running anew from the date of notice that certification has been denied."); *Fernandez v. Chardon*, 681 F.2d 42, 48 (1st Cir. 1982) ("[T]he statute will resume running when class certification is denied.").

[2] *See, e.g.*, *Realmonte v. Reeves*, 169 F.3d 1280, 1284 (10th Cir. 1999) ("[W]e hold that the fact that the Realmontes' participation in the class action terminated with a decision to opt out of a certified class rather than with the denial of class certification is irrelevant to the applicability of the *American Pipe* tolling rule."); *Adams Pub. Sch. Dist. v. Asbestos Corp.*, 7 F.3d 717, 718 n.1 (8th Cir. 1993) ("The fact that this participation ended with a decision to 'opt out' rather than with denial of class certification is irrelevant to the applicability of the *American Pipe* rule."); *Tosti*, 754 F.2d at 1488 ("[T]he statute begins running anew from the date when the class member exercises the right to opt out … ."); *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610 (7th Cir. 1980), *cert. denied*, 451 U.S 976 (1981) ("[W]e hold that the statute is tolled as to any particular defendant until such time as he is notified of the suit and chooses to opt out.").

tarily dismissed,[3] or when the court dismisses an uncertified class-action suit for lack of subject-matter jurisdiction.[4] In other words, the statute of limitations resumes for putative class members of an uncertified class "when the suit is dismissed without prejudice or when class certification is denied." *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002).

Here we face a slightly different scenario. The question of class certification was never addressed because the district court (1) initially dismissed the case *with* prejudice and (2) later entered summary judgment. Does it matter for tolling purposes whether a suit is dismissed with prejudice or not?

We've suggested before that it doesn't. *See In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006). The plaintiff in *In re Copper* argued that tolling continued through appeal of an order dismissing an earlier putative class action with prejudice. *Id.* We rejected that approach, holding that the plaintiff was "not entitled to take advantage of tolling …

---

[3] *See, e.g.*, *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 627 (7th Cir. 1986) ("The voluntary dismissal of the class component of a suit also must restart the time."); *Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 895 (E.D. Va. 2010) ("Thus, the prior class action suit operated to toll the applicable statute of limitations for the ten-month period between filing and voluntary dismissal."); *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 689 (N.D. Ga. 1997) ("[A]lthough the filing of a class action complaint tolls the applicable statute of limitations for absent class members, a voluntary dismissal would start the statute of limitations running again.").

[4] *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998) ("Well, then, should it matter that *Kelce* was dismissed for want of subject-matter jurisdiction rather than because class status was inappropriate?").

beyond the date when the district court dismissed" the earlier suit. *Id.* "At that point," we said, "the parties are on notice that they must take steps to protect their rights or suffer the consequences." *Id.*

We are not aware of any federal court that has reached a contrary conclusion. The Fifth Circuit has held that tolling continues on appeal from a dismissal with prejudice but *only* when a class has been certified. *See Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520–21 (5th Cir. 2008). The court explained that "members of the certified class may continue to rely on the class representative to protect their interests throughout the entire prosecution of the suit, including appeal." *Id.* But, the court observed, "[t]he same result does not flow for members of a putative class that has not been certified," noting a "distinction between putative members of an uncertified class and members of a certified class in determining the application of tolling principles." *Id.* at 517. The Fifth Circuit's reasoning in *Taylor* is fully consistent with a rule that the limitations clock resumes when a noncertified class claim is dismissed with or without prejudice.

Finally, it's important to note again that *American Pipe* and *Crown, Cork & Seal* struck a balance between judicial efficiency and the policies underlying statutes of limitations. Concern for judicial efficiency loomed large in *American Pipe*; without tolling, individual class members would have to file suit in order to protect their claims from becoming time-barred. But continuing to toll the limitations period beyond the dismissal of a noncertified class claim would encroach more severely on the interests underlying statutes of limita-tions, the purpose of which is "to protect defendants against stale or unduly delayed claims." *Credit Suisse Secs. (USA)*

*LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (quoting *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)). "[E]xtending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action … ." *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 950 (1997).

The trend in this circuit, and in federal courts generally, points to a unified rule that is "clear and easy to enforce." *In re Copper*, 436 F.3d at 793. An uncertified class-action suit is decidedly not a class action once all class claims have been dismissed. The statute of limitations immediately resumes.

## C. Applying the Rule

The DPPA's four-year statute of limitations on Collins's claim commenced on June 14, 2007, when he discovered that personal information was displayed on his parking ticket. The statute was tolled when Jason Senne filed suit on behalf of a proposed class on August 27, 2010. And it began to run once again when the district court dismissed that case on September 22, 2010. Once the claim was dismissed, *American Pipe*'s tolling rule no longer controlled. The statute of limitations for Collins's claim immediately resumed. The limitations period expired on July 10, 2011, long before he filed this suit.

We note in closing that a district court's dismissal of a class complaint prior to ruling on a class-certification motion may impact the preclusive effect of the court's judgment. Rule 23 encourages an early certification decision: "At an early practicable time … , the court must determine by order whether to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A). "[A]s soon as practicable" usually means

"before the case is ripe for summary judgment." *Cowen v. Bank United of Tex., FSB*, 70 F.3d 937, 941 (7th Cir. 1995). But we've explained that the word "'practicable' allows for wiggle room" and "'usually' is not 'always.'" *Id.*

Embracing this "wiggle room" here, the judge dismissed Collins's claim as time-barred and summarily denied the motion for class certification, undoubtedly because it was moot (though, as we've noted, he did not give a reason). Collins challenges that approach, relying on *Wiesmueller v. Kosobucki*, 513 F.3d 784 (7th Cir. 2008). That case dealt with very different circumstances.

*Wiesmueller* was a suit by an out-of-state law student challenging Wisconsin's diploma privilege, which waives the bar exam for graduates of the two in-state law schools. The district court dismissed the case and denied the plaintiff's motion to certify the class. The plaintiff appealed, but in the meantime passed the Wisconsin bar exam so his individual claim became moot. We clarified that an appeal from the denial of class certification is not *necessarily* moot simply because the named plaintiff's individual claim is moot, especially when "an unnamed class member … ha[d] expressed interest in substituting for the plaintiff as class representative." *Id.* at 786. We added, however, that we were "not say[ing] that the district judge may never dismiss a case on summary judgment without first ruling on the plaintiff's motion to certify a class." *Id.* at 787. We have repeatedly affirmed that a judge may do precisely that. *See, e.g.*, *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 n.3 (7th Cir. 2016).

Here, the dismissal of Collins's claim made the class-certification question irrelevant. When the plaintiff's own claim is dismissed, he "can no longer be the class representa-

tive. At that point either another class representative must be found or the suit is kaput." *Hardy v. City Optical Inc.*, 39 F.3d 765, 770 (7th Cir. 1994) (citations omitted). No one stepped forward to "pick up the spear" after Collins's claim was dismissed. *Cowen*, 70 F.3d at 941. That makes sense. Because the limitations period was not tolled during the pendency of the *Senne* appeal, it's not likely that any class member has a timely claim. That's not to say that *no one* could step forward to bring a class claim. If there are class members for whom the statute of limitations has not run, the district court's summary denial of class certification would not bind them. *See Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 564 (7th Cir. 2011).

The limitations clock on Collins's claim resumed when the *Senne* class action was dismissed with prejudice prior to class certification. Accordingly, his claim is time-barred. The judgment of the district court is

AFFIRMED.