**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019[*]
Decided June 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1312

| | |
|---|---|
| JEREMY K. BLANCHETTE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 18-2288 |
| | |
| NAVIENT CORPORATION, *et al.*, | Colin S. Bruce, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Jeremy Blanchette appeals the dismissal of his complaint under the Higher Education Act of 1965, 20 U.S.C. §§ 1001–1155, against four entities responsible for administering his federal student loans. The district court dismissed the complaint because the Act does not create a private right of action. We affirm the judgment.

We review de novo a dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6), and we accept the following facts alleged in the complaint as true. *See Collins*

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017). Blanchette financed his education at DeVry University by taking out three private loans and fifteen federal loans. At issue in this suit are two of the federal loans, both serviced by Navient Corporation, with Great Lakes Higher Education Corporation acting as the guarantor. Between 2014 and 2017, Blanchette kept his federal loans in forbearance while he attempted to pay down his private loans. Throughout 2017, he received monthly emails from Navient instructing him to log in to his online account to view an "education loan document," but he assumed these messages to be nothing more than monthly statements and so did not look at them. In early 2018, however, he received a letter from a debt-collection agency alerting him that he had defaulted on the two federal loans. He called the agency to dispute his default, and a customer-service representative told him that he should write a dispute letter to Navient and that resolving the problem would take "some time."

In June 2018, Blanchette received a letter from his employer informing him that another collection company, Pioneer Credit Recovery, had requested an administrative wage garnishment to pay off his defaulted federal loans. Blanchette contacted Pioneer and Navient to modify the garnishment order but was unsuccessful. Pioneer told him that he could "enter into a rehabilitation program" or request a formal hearing on the garnishment order and his defaulted loans.

Blanchette then brought this suit under the Higher Education Act against Navient, a Navient subsidiary, Pioneer, and Great Lakes, alleging that they violated the Act's implementing regulations by, among other things, not properly notifying him about changes to the administration of his loans and not continuing his forbearance period. *See* 34 C.F.R. §§ 682.203, 682.205, 682.208, 682.211, 682.410, 682.411. The district court granted the defendants' motions to dismiss, concluding that Blanchette failed to state a claim for relief against the defendants. The court relied on *Slovinec v. DePaul University*, 332 F.3d 1068, 1069 (7th Cir. 2003), in which we followed the lead of our colleagues in other circuits and held that the Higher Education Act does not create a private right of action. *See also McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1220–25 (11th Cir. 2002).

On appeal, Blanchette maintains that two subsections in the Act show that Congress intended to create an implied right of action. First, he asserts that 20 U.S.C. § 1082(g) demonstrates an intent to create a private right of action because that section authorizes penalties against lenders. But that section allows only the Secretary of Education, not a private individual, to impose the penalty. *See id.* § 1082(g)(1). Second,

he points to 20 U.S.C. § 1087-2(i), which gives Sallie Mae (formerly the Student Loan Marketing Association) the power to "sue and be sued," and he infers from this phrase that he too has the right to sue Sallie Mae. He misunderstands the statute. That Sallie Mae is statutorily subject to suit does not mean that he has a private right to sue. We see no reason to depart from our holding in *Slovenic* and the conclusion of the other circuits that the Act does not create a private right of action. *See Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 710–11 (6th Cir. 2006); *McCulloch*, 298 F.3d at 1220–25; *Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484–85 (9th Cir. 1995); *L'ggrke v. Benkula*, 966 F.2d 1346, 1347–48 (10th Cir. 1992).

One final note: Blanchette contends that his case is factually distinct from other cases in which the courts decided that no private right of action exists under the Act. But even if we assume that the facts of his case are distinguishable, he cannot point to any legal authority suggesting that Congress intended for private enforcement of the Act. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

AFFIRMED